UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FORWARD FINANCING LLC,
    *Plaintiff*,

v.

                                    CA No. _____

Maxx Powersport, LLC
*d/b/a* Maxx Powersport
*and* Robert Landis,
    *Defendants*.

**COMPLAINT**

Plaintiff Forward Financing LLC sues Maxx Powersport, LLC and Robert Landis for breach of contract. Specifically, Plaintiff states and alleges as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff is a Delaware corporation with its principal place of business at 36 Bromfield Street, Suite 210, Boston, Massachusetts 02108. All members of Plaintiff are citizens of the Commonwealth of Massachusetts.

2. Maxx Powersport is Virginia Limited Liability Company with its principal place of business at 207 Dairy Corner Pl, Winchester, VA 22602.

3. Robert Landis is a principal of Maxx Powersport who is a citizen of Virginia and resides at 124 Woodys Pl, Winchester, VA 22602.

4. This Court has personal jurisdiction over Defendants because they transact business in Massachusetts; contracted for the supply of services in Massachusetts; and they regularly do business, engage in a persistent course of conduct, and derive substantial revenue from services rendered in Massachusetts.

5. This Court has subject jurisdiction pursuant to 28 U.S.C. § 1332(a) because this lawsuit involves citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. Venue in this district is proper in accordance with 28 U.S.C. § 1391(a).

## FACTS

7. On October 5, 2016, Plaintiff and Maxx Powersport entered into a Future Receipt Sales Agreement whereby Plaintiff purchased $119,600.00 of Maxx Powersport's Future Receipts for the discounted purchase price of $80,000.00. A copy of the Future Receipt Sales Agreement is attached hereto as Exhibit A.

8. Pursuant to the terms of the Future Receipt Sales Agreement, Maxx Powersport was obligated to pay Plaintiff each business day a specified amount of funds arising from the Future Receipts that Maxx Powersport generated (not to exceed ten percent (10%) of the Future Receipts generated in any given calendar month) until such time as Plaintiff collected the full purchased amount of $119,600.00. Maxx Powersport was not obligated to pay Plaintiff its Future Receipts in the event Maxx Powersport's business slowed down and its Future Receipts decreased or if Maxx Powersport closed its business or ceased to process payment devices.

9. In the Future Receipt Sales Agreement, Maxx Powersport authorized Plaintiff to file a financing statement pursuant to the Uniform Commercial Code, granting Plaintiff a security interest in and evidencing the sale of the Future Receipts to Plaintiff.

10. Plaintiff performed under the Future Receipt Sales Agreement by depositing the purchase price of $80,000.00, less any agreed upon amounts into a bank account designated by Maxx Powersport.

11. Between October 11, 2016 and December 7, 2016, Plaintiff received $29,900.00 of the $119,600.00 of Future Receipts that Plaintiff purchased from Maxx Powersport.

12. On or about December 8, 2016, Maxx Powersport breached its obligations under the Future Receipts Sale Agreement by failing to deliver to Plaintiff available and eligible funds arising from Future Receipts that Plaintiff purchased.

13. In the Future Receipt Sales Agreement, Robert Landis agreed to indemnify Plaintiff for any losses and damages incurred by Plaintiff in any way relating to or growing out of Maxx Powersport's breach of the Future Receipts Sale Agreement. Robert Landis has refused to indemnify Plaintiff for the losses and damages that Plaintiff has incurred because of Maxx Powersport's breach of the Future Receipts Sale Agreement.

14. By reason of the foregoing, and in accordance with the terms of the Future Receipts Sale Agreement, Plaintiff is entitled to damages in the sum of $92,305.00, which equals (i) the amount of Future Receipts that Plaintiff purchased from Maxx Powersport less the amount of funds arising from Future Receipts that Plaintiff received from Maxx Powersport and (ii) fees under Section 5 of the Future Receipts Sale Agreement.

## CAUSE OF ACTION FOR BREACH OF CONTRACT

15. Plaintiff incorporates paragraphs 1 through 14 as if fully set forth herein.

16. Plaintiff has performed all of its obligations under the Future Receipts Sale Agreement with Maxx Powersport.

17.     On or about December 8, 2016, Maxx Powersport breached its obligations under the Future Receipts Sale Agreement by failing to deliver to Plaintiff available and eligible funds arising from Future Receipts that Plaintiff purchased.

18.     Plaintiff is entitled to indemnity from Robert Landis for any losses and damages incurred by Plaintiff in any way relating to or growing out of Maxx Powersport's breach of the Future Receipts Sale Agreement, but Robert Landis has refused to indemnify Plaintiff in further breach of the Future Receipts Sale Agreement.

19.     As a result of Defendants' breaches of the Future Receipts Sale Agreement, Plaintiff suffered the monetary damages described herein.

**WHEREFORE,** Plaintiff demands judgment against Defendants in the sum of $92,305.00, which equals the value of the Future Receipts that Plaintiff purchased from Maxx Powersport less the amount of funds arising from Future Receipts that Plaintiff received from Maxx Powersport plus fees under Section 5 of the Future Receipts Sale Agreement.

> Respectfully submitted,
> Forward Financing,
> By its attorney,
>
> KIMBERLY EMERLING
>
> _____
> Kimberly Emerling, Bar No. 675974
> FORWARD FINANCING LLC
> 36 Bromfield Street, Ste. 210
> Boston, MA 02108
> Tel. / Fax: (617) 918-7048
> kemerling@forwardfinancing.com