# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FORWARD FINANCING LLC, ) | |
| ) | |
| Plaintiff and Counterclaim- ) | |
| Defendant, ) | Civil Action No. |
| ) | 17-10764-FDS |
| v. ) | |
| ) | |
| MAXX POWERSPORT LLC, and ) | |
| ROBERT LANDIS, ) | |
| ) | |
| Defendants and ) | |
| Counterclaim-Plaintiffs. ) | |

## MEMORANDUM AND ORDER ON DEFENDANTS' MOTION FOR LEAVE TO FILE SECOND AMENDED COUNTERCLAIMS

**SAYLOR, J.**

This is an action for breach of contract. Plaintiff Forward Financing LLC alleges that defendants Maxx Powersport LLC and Robert Landis, the sole member of Maxx Powersport, breached a "Future Receipt Sales Agreement" (the "Agreement") executed by the parties on October 5, 2016, and attached to the complaint as Exhibit A.

In their answer, defendants assert counterclaims on behalf of themselves and a potential class of similarly situated merchants who had signed similar agreements with Forward Financing. Defendants allege that the Agreement is not a sales agreement, but in fact a usurious loan that is unenforceable.

Maxx Powersport seeks leave to file second amended counterclaims. Because this litigation is in its early stages and leave to amend should be freely given, defendant's motion will be granted.

I.   **Background**

Forward Financing LLC filed a complaint on May 2, 2017, against Maxx Powersport LLC and Robert Landis alleging breach of contract. On August 9, Maxx Powersport filed an answer and two class-action counterclaims: one for violation of Mass. Gen. Laws ch. 93A, §§ 2 and 11 (unfair trade practices), and one for violation of Mass. Gen. Laws ch. 271, § 49 (criminal usury). On August 28, before Forward Financing answered the counterclaims, Maxx Powersport filed amended counterclaims. The amended counterclaims asserted the same two causes of action but specified the alleged classes and their commonality more precisely.

On September 18, Forward Financing filed a motion to dismiss the counterclaims. Maxx Powersport filed an opposition on October 10, and Forward Financing filed a reply on October 17. The Court held a hearing on October 19 and took the matter under advisement.

On November 3, Maxx Powersport filed the present motion for leave to file second amended counterclaims. The proposed amendment does not add any new counts, but rather alleges a substantial number of new facts, alleged to have been recently discovered by counsel and related to the arguments advanced by the parties in the motion-to-dismiss papers.

II.  **Standard of Review**

Rule 15 of the Federal Rules of Civil Procedure addresses amendments to pleadings.[1] Under Rule 15(a), a party may amend a "pleading" without leave of court in certain relatively narrow circumstances.[2] "In all other cases, a party may amend its pleadings only with the

---

[1] Once a court issues a scheduling order pursuant to Rule 16, however, a party who moves to modify the deadline to amend the pleadings or to amend the pleadings after the deadline must show "good cause." Fed. R. Civ. P. 16(b)(4).

[2] A party may amend a pleading once as a matter of course within "21 days after serving it," or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1).

opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962). In determining whether to grant a motion to amend, the court must examine the totality of the circumstances and "exercise its informed discretion in constructing a balance of pertinent considerations." *Palmer v. Champion Mortg.*, 465 F.3d 24, 30-31 (1st Cir. 2006).

### III. Analysis

Defendants request leave to amend to include (1) factual allegations from several non-confidential depositions of witnesses in an action involving similar issues, which were taken in late September and received by defendants' counsel in early October; and (2) factual allegations from e-mails provided to defendants' counsel from Maxx Powersport. Defendants argue that these facts "further establish that the form of the transaction is a sham, and that, in economic reality, the transaction is a loan." Def. Mot. for Leave to Amend at 1.

Plaintiff opposes the motion for leave to amend on the grounds that it is futile and would cause undue delay.

#### A. Undue Delay

In the First Circuit, it is well-established that "undue delay in moving to amend, even standing alone, may be . . . an adequate reason" to deny a motion for leave to amend. *In re Lombardo*, 755 F.3d 1, 3 (1st Cir. 2014) (citing *Foman*, 371 U.S. at 182; *Acosta-Mestre v. Hilton Int'l of P.R., Inc.*, 156 F.3d 49, 51-52 (1st Cir. 1998)); *accord Calderon-Serra v. Wilmington Trust Co.*, 715 F.3d 14, 20 (1st Cir. 2013) ("Appreciable delay alone, in the absence of good

reason for it, is enough to justify denying a motion for leave to amend."). "[W]hen considerable time has elapsed between the filing of the complaint and the motion to amend, the movant has [at the very least] the burden of showing some valid reason for his neglect and delay." *In re Lombardo*, 755 F.3d at 3 (second alteration in original) (quoting *Stepanischen v. Merchs. Despatch Transp. Corp.*, 722 F.2d 922, 933 (1st Cir. 1983)) (internal quotation marks omitted).

While allowing defendants to amend their counterclaims would certainly cause some delay, plaintiff has not shown that that delay would be "undue." Plaintiff's motion to dismiss would be mooted and would have to be refiled, to the extent plaintiff still contends that the counterclaim is inadequately pleaded. But this case is still at a very early stage. There is no scheduling order in place, and there has been no discovery. Plaintiff vaguely complains that "six months after filing" the case "is not yet at issue," Pl.'s Opp. at 2-3, but does not even suggest that it is being prejudiced in its case by the passage of time, much less offer any evidence that the delay has caused or will cause harm. The motion to amend accordingly will not be denied on the ground of undue delay.

B. <u>**Futility**</u>

Plaintiff's principal argument is that amendment to add these additional factual allegations would be futile. "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996). "In reviewing for 'futility,' the district court applies the same standard of legal sufficiency as applies to a Rule 12(b)(6) motion." *Id.* On a motion to dismiss, the court "must assume the truth of all well-plead[ed] facts and give . . . plaintiff the benefit of all reasonable inferences therefrom." *Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007) (citing *Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir. 1999)). To survive a motion to dismiss, the complaint must state a claim that is plausible on its face. *Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 570 (2007). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557). Dismissal is appropriate if the facts as alleged do not "possess enough heft to show that plaintiff is entitled to relief." *Ruiz Rivera v. Pfizer Pharm., LLC*, 521 F.3d 76, 84 (1st Cir. 2008) (alterations omitted) (internal quotation marks omitted).

At this stage of the proceedings, it is by no means clear that the proposed amendment would be futile. The principal question before the Court in the pending motion to dismiss is whether the transaction at issue is a *bona fide* sale or in fact a disguised loan. *See In re Burm*, 554 B.R. 5, 16-19 (Bankr. D. Mass. 2016) (explaining that usury laws do not apply to sales and explaining factors to consider in determining whether a transaction is a loan or a sale). Plaintiff insists that the character of the transaction can be completely determined from the plain language of the Agreement itself, and so there is no need to allow additional facts of the kind proposed to be alleged by defendants. But the Agreement is convoluted and difficult to understand, and seems to contain internal contradictions. The Court is not prepared to find that there is no plausible basis to look to extrinsic evidence. To the extent there is ambiguity, of course, allegations about how the parties understood or interpreted the Agreement would likely be relevant. *See Balles v. Babcock Power Inc.*, 476 Mass. 565, 571-72 (2017).[3]

---

[3] Plaintiff contends that the deposition testimony cited by defendants does not support at least some of the allegations they seek to include in their second amended counterclaims. But that is immaterial to the Court's decision here. The Court must take all the allegations in the proposed amended complaint as true and then determine if that document fails to state a claim upon which relief can be granted.

Furthermore, although defendants are not seeking to add any additional counts, they do seek to include another theory under which they might recover under Mass. Gen. Laws Chapter 93A—namely, that Forward Financing violated Chapter 93A "by unconscionably making, servicing, or collecting, or attempting to collect, on loans issued to Massachusetts small businesses and individual owners without appropriate evaluation of their ability to repay the loans." 2d Am. Counterclaims ¶ 111. Plaintiff does not address this additional allegation in its opposition, or explain why such a theory would be futile.

In summary, because there is no apparent reason why leave to amend should not be given in this case, the Court will allow defendants to amend their counterclaims.

## IV. Conclusion

For the foregoing reasons, defendants' Motion for Leave to File Second Amended Counterclaims is GRANTED, and defendants are directed to promptly file their second amended counterclaims. Plaintiff's Motion to Dismiss the Counterclaims is DENIED as moot without prejudice to its renewal in whole or in part as to the amended counterclaims.

**So Ordered.**

Dated: November 29, 2017

/s/ F. Dennis Saylor
F. Dennis Saylor, IV
United States District Judge